# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LORENZO GUYTON,**

    Plaintiff,

  v.                                                            Case No. 19-CV-573

**KEVIN KREMBS,** *et al.***,**

    Defendants.

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Lorenzo Guyton, a Wisconsin inmate representing himself, filed a lawsuit under 42 U.S.C. § 1983. Guyton alleges Eighth Amendment deliberate indifference claims and state law negligence claims against the defendants. Before me is the defendants' motion for summary judgment. They argue that Guyton's lawsuit, which he filed on April 22, 2019, is barred by a Mutual Release and Settlement Agreement signed by the parties in June 2018. For the reasons explained below, I will grant the defendants' motion for summary judgment.

### RELEVANT FACTS

Guyton and the State entered into a Mutual Release and Settlement Agreement in connection with litigation that was pending in the Western District of Wisconsin. (ECF No. 19-1 at ¶¶ 1-3.) Guyon signed the agreement on June 25, 2018, and the State signed the agreement on June 29, 2018. (*Id.* at ¶ 1.) On July 9, 2018,

the State sent a check in the amount of $30,000 to Guyton's attorney, who the court had recruited to represent Guyton. (*Id.* at ¶ 5.)

The three-page settlement agreement required Guyton to dismiss the Western District case. (*Id.* at ¶ 3.) According to the defendants, the settlement agreement also contained the following release-of-claims and covenant-not-to-sue provisions:

> **RELEASE OF CLAIMS**. In exchange for the consideration listed above, Plaintiff releases and forever discharges the State, the DOC, the Defendants, and their officers, agents, employees, successors, personal representatives, and insurers (the "Released Parties") from any and all manner of action or actions (including case or causes of action, suits, debts, covenants, agreements, liabilities, rights, damages, costs, claims of interest, awards of attorney fees, claims and demands of every kind and nature whatsoever, in law or equity, whether based on State or Federal law), that relate to any action or inaction—of any State of Wisconsin or DOC employee—that took place on any date before this agreement is fully executed.
>
> **COVENANT NOT TO SUE**: This Agreement shall also be deemed a covenant by the Plaintiff not to sue any of the Released Parties for any of all matters released or discharged by the Agreement, not to file any appeal of any court decision in the Action, and not to file any new lawsuits, claims, or complaints in any court, or with any state or federal agency or licensing board against Defendants or their heirs, or against the State, the DOC, its successors, agents, and assigns or any former or current employee of the State if such claims relate to any action or inaction—of any State of Wisconsin or DOC employee—that took place on any date before this agreement is fully executed.

(ECF No, 13 at ¶ 4.)

According to Guyton, his attorney "was an under cover [sic] agent of the State working to undermine the case by withholding crucial facts of the settlement." (ECF No. 19-1 at ¶ 6.) Guyton asserts that his attorney gave him only pages one and three of the agreement; he states that his attorney did not give him page two, which is the

2

page containing the release-of-claims and covenant-not-to-sue provisions. (*Id.*; ECF No. 20 at ¶ 6.) Guyton explains that he did not learn about those provisions until the defendants filed their motion for summary judgment. (ECF No. 19-1 at ¶ 6; ECF No. 20 at ¶ 6.)

## ANALYSIS

There is no dispute over whether this lawsuit is covered by the release-of-claims and the covenant-not-to-sue provisions in the 2018 agreement. Those provisions clearly state that Guyton cannot sue on the basis of any action or inaction by State employees that took place prior to the full execution of the agreement. The agreement was fully executed on June 29, 2018. The alleged misconduct by State employees at issue in this case happened in June 2017, a year before the agreement was executed. Accordingly, those provisions apply to this lawsuit.

Guyton argues that, regardless of whether those provisions apply to this lawsuit, the court should not enforce the provisions against him because he did not know about the provisions when he signed the agreement. Guyton alleges that his attorney misled him about what he was agreeing to by withholding the page of the agreement that contained those provisions. Guyton lumps the State into his attorney's alleged deception, but he offers no evidence from which a jury could reasonably conclude that the State knew Guyton's attorney had withheld that page of the agreement. According to the defendants, the State's attorneys communicated directly with Guyton's attorney; they had no knowledge of or control over the communications between Guyton and his attorney. Guyton offers no evidence to

3

dispute this assertion. In fact, he concedes that, "at no time during the signing of the agreement was any representative present from the defendants['] side. Only the plaintiff and attorney Martin R. Stein were present during the signing of the document, and no one from defendants['] side can verify what was told to the plaintiff by attorney Stein. . . ." (ECF No. 20 at ¶ 9.)

As the Seventh Circuit has observed, "If an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping a suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of the plaintiff's lawyer upon the defendant." *Baptist v. City of Kankee*, 481 F.3d 485, 490 (7th Cir. 2007) (internal quotation marks and citations omitted). I will not penalize the State based on Guyton's allegations that his attorney failed to provide him with the release-of-claims and the covenant-not-to-sue provisions in the 2018 agreement. Because those provisions preclude Guyton from pursuing the claims at issue in this lawsuit, the defendants are entitled to summary judgment.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (ECF No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of

Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 25th day of November, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge